## SUPERIOR COURT.

The Mayor, Aldermen and Commonalty of the City of New-York, agt. John S. Hill.

Where the corporation of the city of New-York have a vested right to the possession and enjoyment of a pier, their estate or interest, so far as it respects their right to grant the use of such pier, and receive the emoluments, is of the same nature as if they owned the fee.

And an occupant who is let into possession under a contract to take a lease of such right, but violates his agreement, and refuses to take the lease, must account, under an implied contract, as bailiff to the corporation.

New-York Special Term, Nov., 1856.

Demurrer to the complaint.

This is an action for the use and occupation of a pier, and to recover the wharfage received therefrom. The plaintiffs had agreed to lease to the defendant one of the piers and bulkhead. He was let into possession and receipt of the wharfage, and then refused to fulfil his contract and take the lease.

Mr. Hutchins, for defendant.
M. V. B. Wilcoxson, for plaintiffs.

Hoffman, Justice. The case of Boreel agt. The City of New-York, (2 Sand. Superior Court Rep. 552,) settled that the

grant of a right to receive wharfage of a bulkhead, the fee remaining in the city, was an incorporeal hereditament.

In this case, although the fee to the pier does not vest in the city, the right of possession and enjoyment does, and the estate or interest is of the same nature.

The corporation sold, at auction, this right to the piers in question for a term of years. It is termed a lease, and perhaps not improperly. The language of the complaint would have been better had it been that they sold to the defendant "a right to a lease of pier No. 52," &c., instead of "the lease of pier No. 52;" but the meaning and legal import is free from doubt.

The defendant, upon the statements of the complaint, has violated his contract to take the lease, and has gone into possession by permission. He is liable, under an implied contract, to pay what he has received—for such dues and receipts plainly belong to the plaintiffs, and the defendant must be treated as their bailiff merely.

There must be judgment for the plaintiffs upon the demurrer, with costs.. If the defendant wishes to answer, he must pay all the costs of the action.